**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-10029 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-01048-NVW |
| v. | |
| OSCAR ANTONIO OLIVAS, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Oscar Antonio Olivas, Jr., appeals from the district court's judgment and

challenges the 27-month sentence imposed following his guilty-plea conviction for

escape from custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Olivas contends that the district court procedurally erred by failing to explain his sentence adequately, in particular its decision to make the sentence consecutive to his undischarged sentences. He further contends that insofar as the district court relied on his drug use as a basis to reject his sentencing recommendation, such reliance would constitute cruel and unusual punishment in violation of the Eighth Amendment. The record shows that the district court believed that a 27-month consecutive sentence was warranted, notwithstanding its effect on the total length of Olivas's incarceration. The district court addressed Olivas's mitigating arguments and did not err by failing to provide a fuller explanation. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Moreover, the record shows that the district court appropriately considered Olivia's drug use when discussing his post-escape conduct and did not punish Olivas for relapsing.

Olivas also contends that the sentence is substantively unreasonable in light of the nonviolent nature of his offenses and his history of drug addiction and childhood trauma. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Olivas's criminal history and failure to surrender. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

18-10029